785 F.2d 311
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee
v.
JAMES R. LAMKIN, Defendant-Appellant.
 85-5433
 United States Court of Appeals, Sixth Circuit.
 1/28/86
 
 Before: MERRITT, JONES and NELSON, Circuit Judges.
 MERRITT, Circuit Judge.
 
 
 1
 In this criminal appeal the two issues are whether a 141-day delay between the mistrial in defendant's first trial and the commencement of his second trial violated the Speedy Trial Act, and whether evidence of defendant's previous conversations showing a willingness to commit acts similar to the crime charged were admissible under Fed. R. Evid. rule 404(b) to rebut defendant's assertion of his defense of entrapment. We affirm the judgment of conviction rendered on the jury's verdict.
 
 
 2
 In October 1983, undercover FBI agent Welsh was introduced to defendant James Richard Lamkin. Agent Welsh was 'wired' for sound, and at this meeting with Lamkin, he obtained a recording of Lamkin and a co-defendant arranging to pay Welsh to use force in collecting a $13,500 gambling debt owed to Lamkin. Lamkin and his co-defendant were subsequently indicted and arraigned on charges of conspiring to use extortionate means to collect or to attempt to collect an extension of credit in violation of 18 U.S.C. Sec. 894 (1982).
 
 
 3
 Lamkin defended on grounds of entrapment. In order to prove Lamkin's predisposition, the government introduced the testimony of Sherman Tebault, a Kentucky State Police Officer, who testified that in 1983 Lamkin had asked him if he would be willing to break a person's legs for $500. The target of this proposed attack owed Lamkin $4,000. The District Court admonished the jury to consider this testimony only for the purpose of showing 'opportunity or intent.' Additionally, Anthony Rogozine testified that he had heard Lamkin state that Lamkin would collect a debt of $6,000 or he would have the debtor's legs broken.
 
 II.
 
 4
 Lamkin was tried three times. The first trial began on November 14, 1984 and engaged in a mistrial on November 26, 1984 when the jury was unable to reach a verdict. (Lamkin argues that the mistrial actually occurred on November 16, 1984, but, because we rule below that Lamkin waived his Speedy Trial Act argument, we decline to resolve this dispute.) After several intervening motions, his second trial commenced on April 16, 1985. On April 17, 1985, a second mistrial was declared. The third trial began on May 6, 1985, and the jury returned a guilty verdict on the following day.
 
 
 5
 Lamkin argues that the delay between the end of the first trial and the commencement of the second trial exceeded the 70-day period allowed by the Speedy Trial Act.
 
 
 6
 The Speedy Trial Act requires that following the declaration of a mistrial a subsequent trial should be commenced within 70 days of the date when 'the action occasioning the retrial becomes final.' 18 U.S.C. section 3163(e) (1982). Lamkin argues that the period between the declaration of a mistrial in his first trial and the commencement of his second trial, excluding all properly excludable periods of delay, exceeds the Act's 70-day period.
 
 
 7
 Lamkin's speedy trial argument is unpersuasive. Lamkin has waived his right to dismissal under the Speedy Trial Act. Lamkin did not move for dismissal under the Speedy Trial Act before any of his trials. Section 3162(a)(2) of the Act provides:
 
 
 8
 Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section. (Emphasis added.)
 
 
 9
 We decline to decide whether the District Court properly excluded certain periods of delay between Lamkin's first and second trials from the Act's 70-day limitation.
 
 III.
 
 10
 Under rule 404(b) of the Federal Rules of Evidence, once a criminal defendant asserts the defense of entrapment, his predisposition to commit the crime with which he is charged is placed in issue, and evidence that is relevant to the question of predisposition is admissible. United States v. Blankenship, No. 84-3737, slip op. (6th Cir. October 25, 1985) states the rule that evidence of other crimes or bad acts is admissible on the issue of predisposition under rule 404(b) only if the other crimes evidence is of acts that are substantially similar to the charged crimes. In the present case, the evidence in question involved crimes that were virtually identical to the charged crimes. Therefore, under Blankenship this evidence should be admitted under rule 404(b).
 
 
 11
 Even though this evidence is admissible under rule 404(b), the evidence should be excluded under rule 403 'if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.'
 
 
 12
 Evidence should not be excluded under rule 403 unless its probative value is substantially outweighed by, in this case, the danger of unfair prejudice. Here the evidence is highly probative and its only 'prejudice' arises from its strength, not its unfairness.
 
 
 13
 Accordingly, the judgment of the District Court is affirmed.